Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
COURCHEVEL 1850 LLC,

                              Plaintiff,

                                                   VERIFIED COMPLAINT

           -against-

MARIA PINTO-BEDOYA; Y & S DELEVOPMENT OF
NY, INC.; DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD and JOHN DOE "1"
through "12", said persons or parties having or claimed to have
a right, title or interest in the Mortgaged premises herein, their
respective names are presently unknown to the Plaintiff,
                              Defendants.
-----------------------------------------------------------------------X

        Plaintiff, Courchevel 1850 LLC (hereinafter, "Courchevel"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Maria Pinto-Bedoya, Y & S Development of NY, Inc., Department of Housing Preservation and Development, New York State Department of Taxation and Finance, New York City Environmental Control Board and John Doe "1" through "12" (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 2052 East 53rd Place, Brooklyn, NY 11234 known on the Kings County Tax

Map as BLOCK: 8544 LOT: 53 in the County of Kings, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Courchevel is a limited liability company organized under Florida law with its principal place of business located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3. Courchevel is a single-member limited liability company.

4. Courchevel's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida.

5. Maria Pinto-Bedoya, upon information and belief, is a resident and citizen of the State of New York, having an address at 2339 19th Street, Apt. 2B, Astoria, NY 11105. Maria Pinto-Bedoya is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

6. Y & S Development of NY, Inc., upon information and belief, is a corporation incorporated in the State of New York with its principal place of business at under the laws of the State of New York, having an address at 4701 Avenue N, Brooklyn, NY 11234. For diversity purposes, Y & S Development of NY, Inc. is a citizen of the State of New York. Y & S Development of NY, Inc. is a necessary party defendant as it is the owner of record of the Subject Property by virtue of the execution of a deed recorded on April 12, 2006 in CRFN: 2006000203538.

7. Department of Housing Preservation and Development, upon information and belief, is a division of the City of New York, having an address at 100 Gold Street, New York, NY 10038. Department of Housing Preservation and Development is a necessary party defendant as it is a judgment creditor by virtue of a Kings County Court judgment docketed on August 8, 2011 for $52,150.00. Said lien is subordinate to the lien of the Mortgage being foreclosed.

8. New York State Department of Taxation and Finance, upon information and belief, having an address at Building 9, WA Harriman Campus, Albany, NY 12227, is a party Defendant herein by virtue of its ownership of New York State Tax Warrants against the owner of the Subject Property docketed on August 31, 2011 in the amount of $1,862.21. Said lien is subordinate to the lien of the Mortgage being foreclosed.

9. New York City Environmental Control Board, upon information and belief, is a division of the City of New York, having an address at 1250 Broadway, 7th Floor, New York, NY 10001 c/o Corporation Counsel. It is a Defendant by way of having filed liens and/or judgments against the Subject Property and/or owner of the Subject Property. See list of liens/judgments annexed hereto as Exhibit "E". Said liens are subordinate to the lien of the Mortgage being foreclosed.

10. Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

11. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or

lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

12. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

13. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

14. This action is brought to foreclose a mortgage made by Maria Pinto-Bedoya set out as follows: Mortgage dated January 5, 2006 made by Maria Pinto-Bedoya to National City Bank to secure the sum of $200,000.00 and interest, recorded in CRFN: 2007000068570 in the Office of the Register of the City of New York for the County of Kings on February 6, 2007. Said lien covers premises known as 2052 East 53rd Place, Brooklyn, NY 11234. A copy of the Mortgage is annexed as Exhibit "B".

15. Also on January 5, 2006, Maria Pinto-Bedoya executed and delivered a Note to National City Bank in the amount of $200,000.00. A copy of the Note with endorsements is annexed as Exhibit "C".

16. The Note was transferred by the lender affixing a proper Allonge or endorsement, in addition to an Allonge or endorsement being affixed to the Note upon the transfer to each subsequent owner and holder of the Note. The Mortgage instrument followed each transfer of the Note to the Plaintiff. See Exhibit "C".

17. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

18. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

19. Maria Pinto-Bedoya has failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of July, 2010 and the default continues to date.

20. Plaintiff has complied with the contractual provisions in the loan documents in that a 30-day notice to cure was issued on August 3, 2016 (the "Default Notice") advising of possible acceleration of the loan and that by virtue of her continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) is not required as the borrower does not reside at the Subject Property. Copies of the Default Notice with proof of mailing is annexed hereto as Exhibit "D".

21. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

22. As of the date herein, Maria Pinto-Bedoya has failed to respond to the Default Notice.

23. Due to the above-described default, Defendant, Maria Pinto-Bedoya is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of August 3, 2016, amounts to $248,128.99;

    b. Attorney's fees and other costs and disbursements, payable to Courchevel 1850 LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

24. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

25. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

26. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

27. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendant, Maria Pinto-Bedoya may be adjudged to pay the whole

residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: December 5, 2016
      Syosset, New York

                                  Yours, etc.
                                  The Margolin & Weinreb
                                  Law Group, LLP
                                  Attorneys for Plaintiff


                                  By:/s/ Alan H. Weinreb
                                  Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: December 5, 2016
Syosset, New York

/s/ Alan H. Weinreb
**ALAN H. WEINREB**