UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

COURCHEVEL 1850 LLC,

       Plaintiff,

-against-

MARIA PINTO-BEDOYA; Y & S DEVELOPMENT OF NY, INC.; DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; and JOHN DOES 1 THROUGH 12,

       Defendants.
------------------------------------------------------------------X

**ORDER**

**16-CV-6716 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiff Courchevel 1850 LLC has moved for a default judgment against Defendants in this foreclosure action. (Pl. Mot. for Default J. ("Mot.") (Dkt. 14).) The court referred Plaintiff's motion to Magistrate Judge Ramon E. Reyes, Jr., who thereafter submitted a Report and Recommendations ("R&R") proposing that the court grant Plaintiff's motion as to Defendants Maria Pinto-Bedoya, Y & S Development of NY, Inc. ("Y & S Development"), and three governmental entities with junior liens against the property in question: the New York State Department of Taxation and Finance ("NYSDTF"), the New York City Department of Housing Preservation and Development ("NYCDHPD"), and the New York City Environmental Control Board (the "NYCECB," and, together with the NYSDTF and the NYCDHPD, the "Creditor Defendants"). Plaintiff also named twelve John Doe Defendants, who were alleged to have unspecified liens against the property in question. Because no parties have objected to the R&R and more than fourteen days have elapsed since the R&R was filed, the court reviews the R&R for clear error. See Fed. R. Civ. P. 72(b)(2); Gesualdi v. Mack Excavation & Trailer Serv., Inc.,

1

No. 09–CV–2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar 15, 2010). The court ADOPTS the R&R, to the extent stated below and for the reasons that follow.

The court finds no clear error in the R&R's conclusion that the transfer of the deed to the property to Defendant Y & S Development in April 2006 did not extinguish Plaintiff's mortgage interest, which arose in January 2006 but was only recorded in February 2007. (Compl. (Dkt. 1) ¶¶ 6, 14; R&R at 3-4.) As Judge Reyes correctly notes, under New York law, an unrecorded conveyance of real property, such as a mortgage, is void as against a subsequent bona fide purchaser. N.Y. Real Prop. L. § 291; Provident Bank v. Cmty. Home Mortg. Corp., 498 F. Supp. 2d 558, 567 (E.D.N.Y. 2007). But, as Judge Reyes also observes, a subsequent grantee bears the burden of establishing that it purchased the property in question in good faith and for valuable consideration. See Provident Bank, 498 F. Supp. 2d at 568; see also Hood v. Webster, 2 N.E.2d 43, 44 (N.Y. 1936). Because Y & S Development has not proffered any evidence that it lacked actual or constructive knowledge of the mortgage, it has not rebutted Plaintiff's prima facie case, and the court cannot conclude that its deed has priority over Plaintiff's mortgage interest. Plaintiff has therefore established that it is entitled to foreclosure.

Nor does the court find clear error in the R&R's conclusion that Plaintiff has established that it is entitled to a default judgment against the Creditor Defendants. Under New York law, in order to extinguish junior liens against a property subject to a mortgage, the mortgagee must name junior lienholders as parties to the foreclosure action. N.Y. Real Prop. Acts. L. § 1311(3). When the State of New York, New York City, or "any department, bureau, board, commission, council, officer, agency[,] or instrumentality thereof is defendant in an action affecting real property, the complaint [must] set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state [or city] a party

2

defendant." Id. §§ 202, 202-a. The Complaint named the Creditor Defendants and identified their interests in the property in question. (Compl. ¶¶ 7-9.) Although the Complaint's allegations are somewhat sparse regarding the NYCECB's liens on the property (id. ¶ 9), Plaintiff attached to the Complaint a 30-page list of citations the NYCECB has issued against other Y & S Development properties (id. Ex. E (Dkt. 1-1)), which courts in this district have deemed sufficient to meet a plaintiff's pleading obligations under Sections 202 and 202-a of the New York Real Property Actions and Proceedings Law. See, e.g., CIT Bank v. Dambra, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015).

The court clarifies the R&R regarding the availability of a deficiency judgment against Pinto-Bedoya. The R&R recommends that the court award Plaintiff a deficiency judgment against Pinto-Bedoya in the amount of (1) the current outstanding loan balance ($200,000); plus (2) accrued interest as of March 8, 2017 ($44,018.10); and (3) interest of $19.18 per day between March 8, 2017, and the date of the foreclosure sale; minus (4) the return on the sale of the property in question after recovery of reasonable costs and fees. (R&R at 4.) Although the R&R's recommendation that Pinto-Bedoya should be held liable for a deficiency is not clearly erroneous, the recommendation that the court should grant a deficiency judgment is premature. As Plaintiff acknowledges in its Proposed Judgment of Foreclosure and Sale ((Dkt. 14-6), at ECF p.4), in order to obtain a deficiency judgment, it must file a separate motion after the foreclosure sale has been consummated. See N.Y. Real Prop. Acts. L. § 1371; Fed. Home Loan Mortg. Corp. v. Stratford Realty Assocs., No. 90-CV-7216 (SAS), 1995 WL 406083, at *3 (S.D.N.Y. July 10, 1995) ("Sections 1371(2) and (3) of the [New York Real Property Actions and Proceedings Law] make it eminently clear that a separate judgment must be secured within a specific time in order to collect a deficiency, even if the foreclosure judgment clearly states that

defendants are liable for any deficiency following the sale of the premises."). If such a motion is timely made, the amount of the deficiency judgment will be calculated in accordance with the statute. See N.Y. Real Prop. Acts. L. § 1371(2).

Accordingly, the court adopts the R&R to the extent consistent with the foregoing. The court GRANTS a default judgment against Pinto-Bedoya, Y & S Development, and the Creditor Defendants. The court ORDERS Pinto-Bedoya to pay Plaintiff $244,018.10 plus $19.18 per day between March 8, 2017, and the date of entry of judgment. The court also ORDERS the foreclosure and sale of the property in question and will appoint a referee to conduct the sale. By no later than December 1, 2017, Plaintiff is DIRECTED to provide the court with a list of five prospective referees, including their curriculum vitae, demonstrating their qualifications for appointment as referee in this matter. Plaintiff is also DIRECTED to submit a revised Proposed Judgment of Foreclosure and Sale that (1) identifies the newspaper in which notice of the foreclosure sale will be made; and (2) revises the amount due to include additional accrued interest from March 8, 2017, to the date of entry of this judgment, at the per diem rate of $19.18, if Plaintiff intends to recover such interest. (Cf. Mem. of Law in Supp. of Default J. (Dkt. 14-2) at ECF p.4.) The court ORDERS the John Doe Defendants dismissed from the action.

SO ORDERED.

Dated: Brooklyn, New York
November 21, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge